IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Charles Vincent Ashford, Jr., | : | |
| | : | Case No. 1:23-cv-734 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| State of Ohio, *et al.*, | : | Recommendation and Dismissing Case |
| | : | Without Prejudice |
| Defendants. | : | |

This matter is before the Court on a Report and Recommendation issued by Magistrate Judge Caroline H. Gentry recommending that the case be dismissed for lack of prosecution. (Doc. 3.) For the reasons that follow, the Court will adopt the Report and Recommendation and dismiss the case without prejudice.

**I.**

Plaintiff Charles Vincent Ashford, Jr. filed an Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees ("Application to Proceed"), with an attached proposed Complaint, on November 9, 2023. (Doc. 1.) Magistrate Judge Gentry issued an Order dated on November 20, 2023 finding that Ashford's Application to Proceed was deficient because he did not file a certified copy of his trust fund account statement (or institutional equivalent) as required by the Prison Reform Litigation Act of 1995 at 28 U.S.C. § 1915(a)(2). (Doc. 2 at PageID 21.) She gave Ashford thirty days to remedy the deficiency, pay the filing fee, or have his case dismissed for lack of prosecution. (*Id.* at PageID 21–22.) Ashford failed to comply. Magistrate Judge Gentry then issued the pending Report and Recommendation on January 30, 2024 recommending that the case be dismissed for lack of prosecution. The time for

1

filing objections to the Report and Recommendation has passed.  Ashford has not taken any action in this case since filing the initial Application to Proceed.

## II.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive matters that have been referred to them.  When no objections are filed, "[t]here is no indication that Congress . . . intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made."). Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error.  *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

## III.

The Magistrate Judge recommends dismissing this case because Ashford has not remedied the deficiency in his Application to Proceed nor paid the filing fee.  No objections have been filed.  There is no clear error in the recommendation to dismiss the case for failure to prosecute. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (stating that district court should dismiss for want of prosecution if a prisoner does not file the trust fund

account statement or pay the filing fee).  Accordingly, the Report and Recommendation (Doc. 3) is **ADOPTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

                              BY THE COURT:

                              S/Susan J. Dlott
                              Susan J. Dlott
                              United States District Judge